JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 24 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

RELEASED FOR PUBLICATION

DOCKET NO. 569

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT COVINGTON, KENTUCKY, ON JUNE 2, 1983

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, JR.,* S. HUGH DILLIN, MILTON POLLACK, AND LOUIS H. POLLAK, JUDGES OF THE PANEL

TRANSFER ORDER

PER CURIAM

This litigation consists of nineteen actions[1] pending in three federal districts as follows:

| District | Actions |
|---|---|
| Eastern District of Kentucky | 9 actions |
| Northern District of Texas | 7 actions |
| Central District of California | 3 actions |

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, by plaintiffs in the Kentucky actions to centralize the actions in this litigation in the Eastern District of Kentucky for coordinated or consolidated pretrial proceedings. Plaintiffs in the California actions have cross-moved to centralize the actions in the Central District of California. No responding party has opposed centralization. The parties' only dispute is over the appropriate transferee district. Besides the Eastern District of Kentucky and the Central District of California, some parties advocate the Northern District of Texas as the transferee district.

On the basis of the papers filed and the hearing held, the Panel finds that these nineteen actions involve common questions of fact and that centralization under Section 1407 in the Central District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions

---

* Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

1/ The Panel has been advised of the pendency of several recently filed related actions. These actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

share numerous factual questions surrounding an in-flight fire on Air Canada Flight 797 and consequent landing in Covington, Kentucky, on June 2, 1983. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The proponents of centralization in the Eastern District of Kentucky argue as follows: (1) the plane landed there, and the Panel has often followed a "situs of the crash" rule in selecting the transferee district in air disaster litigation; and (2) many of the factors cited by the Panel in support of this rule -- including the fact that all airport personnel and witnesses to the landing and the rescue efforts reside in or near the Eastern District of Kentucky -- are present in this litigation. The Texas proponents maintain that the survivors of the air disaster are critical witnesses, several of whom reside in Texas.

While it is true that we have often applied a "situs of the crash" rule in air disaster litigation, we are persuaded that centralization in the Central District of California is the most preferable choice. This litigation consists of allegations relating to the design and manufacture of the aircraft and the cabin interiors and to the refurbishing of the aft portion of the aircraft by Air Canada. The record before us suggests that discovery concerning the liability issues will focus on several geographic areas, including Canada and the states of California, Washington, Maryland, Delaware and Ohio. Cross-movants point out that relatively little liability discovery will be conducted in Kentucky, because the aircraft made a safe landing there, and neither the aircr[aft] nor its component parts was assembled there. Similarly, no assembly o[r] manufacture of the aircraft or component parts occurred in the Northern District of Texas. We note that the aircraft was manufactured by McDonnell Douglas Corporation in California, that the Federal Aviation Administration (FAA) conducted an inspection there, and that the aircraft was FAA certified in California. Thus the California forum is the only district in which a constituent action is pending that appears likely to be the location of substantial common discovery.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Laughlin E. Waters for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

SCHEDULE A

MDL-569 -- In re Air Crash Disaster at Covington, Kentucky, on June 2, 1983

### Northern District of Texas

An Hoa Nguyen, et al. v. Air Canada, et al.,
C.A. No. 3-83-1049-R
Diane Fadley, et al. v. Air Canada, et al.,
C.A. No. 3-83-1385-R
Harry Moseley, et al. v. Air Canada, et al.,
C.A. No. 3-83-1289-R
Diana Mathes, et al. v. Air Canada, et al.,
C.A. No. 3-83-1386-R
Curtis M. Mathes v. Air Canada, et al.,
C.A. No. 3-83-1327-R
Roy Grubbs v. Air Canada, et al.,
C.A. No. 3-83-1516-R
Carol Cox White, et al. v. Air Canada, et al.,
C.A. No. 3-83-2208-R

### Eastern District of Kentucky

Gerald Bouchard v. Air Canada, et al.,
C.A. No. 83-226
Lorraine Drdul, etc. v. Air Canada, et al.,
C.A. No. 83-230
Judith L. Helston, etc. v. Air Canada, et al.,
C.A. No. 83-227
Brenda June Mayne v. Air Canada, et al.,
C.A. No. 83-228
Shelagh M. Nichol, etc. v. Air Canada, et al.,
C.A. No. 83-231
Catherine S. Rahal, etc. v. Air Canada, et al.,
C.A. No. 83-229
Audrie M. Ruttan v. Air Canada, et al.,
C.A. No. 83-225
Carole Diane Spruston, etc. v. Air Canada, et al.,
C.A. No. 83-224
Betty Irene Pohl v. Air Canada, et al.,
C.A. No. 83-235

### Central District of California

Rosemary B. Drake, et al. v. McDonnell Douglas Corp.,
C.A. No. CV83-6799LEW(MCX)
Dale Thompson, et al. v. McDonnell Douglas Corp.,
C.A. No. CV83-6826LEW(MCX)
Susan M. Epprecht, et al. v. McDonnell Douglas Corp.,
C.A. No. CV83-6857KN(JRX)